Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBONY BROWN, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> CHASE WEISS & KEHOE, LLC and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    EBONY BROWN
    3629 White Plains Road, Apt. 3
    Bronx, New York 10467

    CHASE WEISS & KEHOE, LLC
    190 Moore Street, Suite 203
    Hackensack, New Jersey 07601

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and

through her attorneys, alleges that the Defendant, CHASE WEISS & KEHOE, LLC ("CHASE

WEISS & KEHOE") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, resides in Bronx, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CHASE WEISS & KEHOE maintains a location at 190 Moore Street, Suite 203, Hackensack, New Jersey 07601.

8. CHASE WEISS & KEHOE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. CHASE WEISS & KEHOE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey and New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey and New York consumers who were sent letters and/or notices from CHASE WEISS & KEHOE (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to April 3, 2019, Plaintiff allegedly incurred a financial obligation to PAY-O-MATIC CHECK CASHING CORP. ("PAY-O-MATIC CHECK CASHING").

19. Plaintiff allegedly incurred the PAY-O-MATIC CHECK CASHING obligation in connection with a personal check.

20. The PAY-O-MATIC CHECK CASHING obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the PAY-O-MATIC CHECK CASHING obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The PAY-O-MATIC CHECK CASHING obligation did not arise out of a transaction that was for non-personal use.

23. The PAY-O-MATIC CHECK CASHING obligation did not arise out of a transaction that was for business use.

24. The PAY-O-MATIC CHECK CASHING obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. PAY-O-MATIC CHECK CASHING and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before April 3, 2019, the PAY-O-MATIC CHECK CASHING obligation was referred to CHASE WEISS & KEHOE for the purpose of collection.

27. At the time the PAY-O-MATIC CHECK CASHING obligation was referred to CHASE WEISS & KEHOE the PAY-O-MATIC CHECK CASHING obligation was past due.

28. At the time the PAY-O-MATIC CHECK CASHING obligation was referred to CHASE WEISS & KEHOE the PAY-O-MATIC CHECK CASHING obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Defendants caused to be delivered to Plaintiff a letter dated April 3, 2019, which was addressed to Plaintiff and sought a balance of $100 on the PAY-O-MATIC CHECK

CASHING obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The April 3, 2019 letter was sent to Plaintiff in connection with the collection of the PAY-O-MATIC CHECK CASHING obligation.

31. The April 3, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The April 3, 2019 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the April 3, 2019 letter.

33. Upon receipt, Plaintiff read the April 3, 2019 letter.

34. The April 3, 2019 letter stated in part:

> Dear Sir / Madam:
>
> This office represents PAY-O-MATIC CHECK CASHING CORP. in connection with a balance of $100.00 which has been placed for collection as a result of a check which you cashed at one of my client's business locations that has been returned as unpaid.

35. The April 3, 2019 also stated in part:

> PAY-O-MATIC CHECK CASHING CORP is the holder in due course of the negotiable instrument. You are responsible for the amount required to make my client whole, including costs of the returned payment. Please note that failure to immediately remit payment in full to our office will result in the assumption that you are unwilling to handle this matter voluntarily and necessary action will ensue. Additionally, you may be subject to penalties pursuant to New York State law.

36. In addition, the April 3, 2019 letter stated in part:

> Please contact our office immediately upon receipt of this letter. For your convenience, we accept payments by phone (checks, credit-debit cards). All payments must be drawn payable to Chase Weiss & Kehoe.
>
> Very Truly Yours,

37. Nothing was printed on the reverse side of the April 3, 2019 letter.

38. The April 3, 2019 letter does not contain the notices required by 15 U.S.C. § 1692g(a)(3); § 1692g(a)(4) or § 1692g(a)(5).

39. The April 3, 2019 letter does not contain the notices required by 15 U.S.C. § 1692e(11).

40. CHASE WEISS & KEHOE knew or should have known that its actions violated the FDCPA.

41. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

42. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Failing to provide the notices required under the FDCPA; and

   (b) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

43. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey and New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

44. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

47. The April 3, 2019 letter fails to properly inform the least sophisticated consumer of his or her rights as mandated by 15 U.S.C. § 1692g(a)(3); § 1692g(a)(4) or § 1692g(a)(5).

48. The April 3, 2019 letter fails to include the notices mandated by 15 U.S.C. § 1692e(11).

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

50. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

51. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

52. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.
Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

53. Defendant violated the FDCPA by failing to provide Plaintiff with the notices mandated by 15 U.S.C. § 1692e(11).

54. Defendant violated the FDCPA by failing to provide Plaintiff with the notices mandated by 15 U.S.C. § 1692g(a)(3), (4) and (5).

55. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

56. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

59. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

60. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

61. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 1, 2019                                   Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 1, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff